CINCINNATI GASLIGHT & COKE CO v. CHARLES J. STEINAU.

1. CONTINUING BREACH OF A NEGATIVE COVENANT, REMEDY.

Where there is a clear and continuing breach of a negative covenant in a contract, and where an injunction against the breach of it will do substantial justice between the parties by obliging the defendant to carry out his contract or lose the benefit of the breach of it, and the remedy at law is not adequate, or the damages for such a breach are not susceptible of proper assessment by a jury, a court of equity may properly restrain the defendant from such a breach of the contract, though the court might not be able to enforce a complete specific performance of the contract against the other party.

2. A COURT OF EQUITY MAY ENJOIN DEFENDANT FROM CONTINUING THE BREACH.

Where it is admitted or shown that a defendant, on a good consideration, has by contract in writing bound himself to receive from the plaintiff all the gas necessary for the proper illumination of certain premises, for the period of ten years from March 16, 1886, the same to be paid for at a certain price, at the expiration of each month, and the amount of gas consumed is not to fall below a certain amount each month; and has further stipulated that he would not during said term, introduce into, or use on said premises oil lamps, electric lights or other material or power, for general illuminating purposes, or any other gas than that supplied by the plaintiff. And it is further admitted or shown that the plaintiff has duly kept and performed all of its stipulations in said contract, and is ready, able and willing to continue so to do; but that the defendant has broken his part of said contract by refusing to receive from plaintiff all the gas necessary for the proper illumination of the premises, but has introduced therein other lights, whereby the amount of gas consumed has been and will continue to be largely reduced below the amount stipulated to be used, this presents a case where the plaintiff has *now* no adequate remedy at law—the damages for such a breach of the contract (the same not having been wholly abandoned), not being susceptible of proper assessment by a jury in a single action; but would require successive actions, or a delay until the end of the term, and a court of equity may enjoin the defendant from such a breach of it, to prevent a multiplicity of actions.

APPEAL from the Court of Common Pleas of Hamilton county.

SMITH, C. J.

The demurrer of the defendant to the petition of the plaintiff admits the making of the contract between the plaintiff and the defendant, whereby the Gas Company, in consideration of the engagement of Steinau, bound itself to supply to him at his storeroom, known as the "Palace," under the existing rules and regulations of said company (except in cases of unavoidable accident), at a price therein agreed upon (and which was less than the rate then paid by the general public therefor), all the gas which might be required to properly illuminate the same, for the period of ten years from March 16, 1886, the same to be paid for monthly.

And that by the contract the defendant bound himself to receive from said company all the gas necessary for the proper illumination of said premises, during said term, in quantities not less than three-fourths of his then average consumption. And he further stipulated that he would not during said period introduce into, or use on said premises, oil lamps, electric lights or other material or power for general illuminating purposes, or any other gas than that supplied by said company. That the company had duly kept and performed all of its stipulations in said contract, and is ready, able and willing to continue to do so; but that the defendant has broken his part of said contract, by refusing to receive from the company all the gas necessary for the proper illumination of said premises, and has introduced, and is using on the same, materials for general illuminating purposes other than the gas supplied by the plaintiff, to-wit, the Edison electric light—whereby the consumption of gas for illuminating purposes therein, has been and will be largely reduced below the above stated monthly average, and much below the quantity he agreed to receive therein from said company.

---

*The judgment in this case was reversed by the Supreme Court. See opinion, 48 O. S., 324.

On this state of fact, the question arises whether the petition states a good cause of action against the defendant, and entitles the Gas Company to the relief demanded, viz., an injunction, to restrain him from using the electric light on said premises, or from using any other material for illuminating purposes, other than the gas supplied by the plaintiff.

The contention of the defendant is, that although he admits all of these facts, yet that the plaintiff is not entitled to the relief sought, because he has a plain and adequate remedy at law for the breach of the contract, and that it would be contrary to the usages and practice of courts of equity, to grant an injunction in such a case.

Has the plaintiff then such a remedy at law? If not, we understand it to be practically conceded by counsel for defendant, that an action of this kind will lie. It is the claim of the counsel for the defendant, that the plaintiff has three such remedies at his command—either of which would be plain and adequate, viz.: *First*, that he might bring his action at the end of each month of the term, for the damages which had resulted from the breach of the contract up to that time; or *second*, that he might bring one action *now*, to recover all the damages that he would suffer during the term, on the supposition that there had been a total breach of the contract; or *third*, that he might wait until the expiration of the term and bring his action to recover *all* the damages suffered by him before suit brought.

It is apparent, we think, that this last mode would not afford an adequate remedy. The idea that the plaintiff can obtain redress for such a breach of this contract, by waiting nine years to bring a suit to recover that which the defendant has stipulated to pay monthly, is not to be entertained. Suppose the term were one hundred years instead of ten, the same rule of course would apply, and if that was the only mode by which the plaintiff could obtain redress, it is manifest that it would practically be without any remedy.

We suppose it to be true, that the plaintiff, under the state of facts existing in this case, would be at liberty to sue upon the contract at the end of each month during the term—certainly to recover the contract price of the gas actually furnished during that month, and probably to recover also the damages sustained by the company for a failure to take the amount of gas during that month which he had stipulated to receive. That is, that if there had not been a total breach and abandonment of the contract by the defendant, but the company still furnishes, and the defendant still receives a part only of the gas stipulated for, that a right to bring successive actions for the damages so incurred would exist. But if there be a total breach of the contract on the part of the defendant, as if he had entirely repudiated it, and refused to receive any gas whatever, and so advised the company, then, as we understand the decision of the Supreme Court in the case of James v. Board of Com'rs of Allen Co., 44 O. S., 226, such successive actions could not be maintained, but the remedy of the plaintiff would be in one action to recover all the damages he had or might sustain by a breach of the contract, and one recovery thereon would be a bar to a future action.

Conceding then the claim of defendant's counsel, that under the facts of this case successive monthly actions could be maintained, for a breach of the contract in not using the amount of gas stipulated to be used. is a court of equity debarred from enjoining the putting into said premises electric or other lights in violation of the contract? It must be admitted that it is one of the plainest principles of equity jurisprudence, that a court may and ought, in a proper case, to interfere by injunction to protect the rights of a suitor, when without it, he could only assert them by bringing a multiplicity of suits. The only question as to this matter is as to the kind of cases in which it may be done. It is stated in Pomeroy's Eq., that the authority of a court of equity thus to interfere on this ground, is undoubted in this class of cases, viz , " where from the nature of the wrong, and from the settled rules of the *legal* procedure, the same injured party, in order to obtain *all* the relief to which he is justly entitled, is obliged to bring a number of actions against the same wrongdoer, all growing out of the one wrongful act, and involving similar questions of fact and law." 1 Pomeroy's Equity, sec. 245 and *seq.*

It seems to us that this is precisely the case before us. The wrongful act complained of, and which is sought to be enjoined, is the introduction of the Edison light, in direct and admitted violation of the contract, and the necessary result of which, if continued and used during the term, would be to entitle the plaintiff to maintain successive actions for damages thus caused. If the plaintiff's only remedy is to bring these successive actions, they would be against the same wrongdoer, and grow out of the one wrongful act, and must involve similar questions of law and fact; and according to the clear doctrine of the law, a court of equity may interfere to prevent such breach of the contract, and not require the plaintiff to resort to this multiplicity of actions to assert his rights.

But it is still further urged that there certainly is another mode in which the plaintiff may have an adequate remedy at law, and that is by an action *now* to recover the damages which it may be found the company will suffer during the whole term.

But the difficulty with this theory is, that in some respects at least, according to the allegations of the petition and the admissions of defendant's counsel, this contract is still in force, and acted upon by both parties. Gas is still furnished by the company and received by the defendant. There is no claim whatever that it has been wholly abandoned by either party. Suppose, then, an action of the kind suggested were brought. What would be the measure of damages of the plaintiff? The petition only alleges that since the introduction of the Edison light, the defendant has used much less gas than he bound himself to use monthly, and will continue to do so. This the defendant admits by his demurrer. But there

is nothing to prevent the defendant from commencing at any time and continuing to use the full quantity contracted to be used. And what answer could be made on the trial by the plaintiff to proof offered by defendant that such was his intention? The mere fact that for several months past the consumption has fallen below the minimum agreed to be received, raises no legal presumption as to the amount that would probably be consumed during the residue of the term. So far as concerns the damages for the part of the term before the trial, that would be easy to arrive at; but we know of no principle upon which there could be a satisfactory assessment of damages for the time yet to come where there had not been a total abandonment of the contract, but where the parties are proceeding to carry it out, and where the amount, as in this case, of the gas consumed is simply less than the amount stipulated for; and we are of the opinion that such an action would not afford an adequate remedy in such case.

But aside from the proposition that a court of equity may properly enjoin where it is necessary to avoid a multiplicity of suits, we think that it is now settled by the authorities, that where there is a clear and continuing breach of a negative covenant in a contract, and where an injunction against the breach of such a covenant will do substantial justice between the parties, by obliging the defendant to carry out his contract, or lose the benefit of the breach of it, and the remedy at law is not adequate, or the damages for such a breach are not susceptible of proper assessment by a jury, that a court of equity properly may, and ought to restrain the defendant from such a breach of the contract, and that such is the case although the court might not be able to enforce a complete specific performance as against the other party. As to the latter proposition there appears to have been a conflict in the authorities. But, without any citations from the many cases to which our attention has been called by counsel on either side, we simply say that in our opinion the doctrine as above stated is abundantly sustained, and must be considered as a settled rule of equity procedure.

We therefore overrule the demurrer filed to the petition, and decline to suspend the injunction heretofore allowed, and unless the defendant desires to file an answer, will decree in favor of the plaintiff, and make the injunction perpetual; that is, enjoin the defendant from using upon his premises for illuminating purposes electric lights, or lights other than the gas furnished by plaintiff during the residue of the term, or so long as the plaintiff complies with its part of said contract.

E. A. Ferguson, for the Gas Co, cited the following authorities: Bisham's Equity, secs. 461–3; 2 Story's Equity, note to 861; Lawson's Leading Cases, 132, 304; 1 De Gex. M. & G., 604, 619; L. R., 9 Ch. Ap., 467–8; 2 Kay & Johnson, 273; 1 Holmes Circuit Court Reports, 253; Stines v. Dorman, 25 O. S., 580, and others.

Kramer & Kramer, for defendant, cited the following: 2 Phillips Ch., 60; 42 Md., 60; 5 D. M. & G., 889; 6 Iredells Ch., 412; 1 H. & M., 468 and 2 H. & M., 404; Kerr on Injunctions, 426, and others.